**SIGNED THIS: September 28, 2017**

_____
**William V. Altenberger
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MILORAD P. KETCHENS, | ) | No. 16-90211 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

The matter before the Court is the motion of the Debtor, Milorad P. Ketchens, for summary judgment on his combined objection to and motion to strike the claim of the University of Illinois Community Credit Union (Credit Union). There are no disputed questions of fact. The issue involves the question of whether what occurred constitutes unjust enrichment, which is the basis of the Credit Union's claim.

Prior to the Debtor filing his Chapter 13 case in Bankruptcy, he was the defendant in a state court action. On April 29, 2015, the plaintiffs in the state court action obtained a judgment against the Debtor for $242,400.00. After the judgment was entered the plaintiffs served a third party citation against the Credit Union. On December 2, 2015, as sanctions, the state court awarded the plaintiffs a judgment in the amount of $29,354.07, plus interest, against the Credit Union for the Credit Union's violation of the third party citation. The Credit Union paid the plaintiffs $30,273.55.

Subsequently, on March 8, 2016, the Debtor filed this Chapter 13 case in bankruptcy and the Credit Union filed a claim for the $30,273.55, which it had paid to the plaintiffs. On May 26, 2017, the Debtor objected to the claim.

While the Chapter 13 case was pending, on July 29, 2016, the state appellate court reversed the judgment against the Debtor and on August 11, 2016 the Credit Union filed a motion in the state trial court to specifically vacate and correct the sanctions order of December 2, 2015. However, the state court trial judge, by an order entered April 24, 2017, denied the Credit Union's request to vacate the sanctions order.

The Credit Union's claim in the Debtor's Chapter 13 is based on the theory of unjust enrichment. The Credit Union contends that the money it paid to the plaintiffs to reduce the judgment constitutes unjust enrichment of the Debtor.

Unjust enrichment occurs when a person has and retains money or benefits which in justice and equity belongs to another. *National Malleable Castings Co. v. Iroquois Steel & Iron Co.*, 333 Ill. 588 (1929); *Kenneke v. First Nat. Bank of Chicago*, 65 Ill.App.3d 10 (1st Dist. 1978). In the case before this Court, the Debtor did not receive the money paid by the Credit Union. The money was paid to the plaintiffs in the state court action. Nor did the Debtor receive a benefit from the payment. At the time the payment was made, the plaintiffs' judgment against the Debtor was on appeal and, at best, the payment constituted a contingent or possible benefit to the Debtor, depending on whether the judgment was affirmed or reversed. With the reversal of the judgment no benefit accrued to the Debtor as the Debtor was relieved from any obligation to make payment on the judgment.

The plaintiffs are the ones who received the money as a sanction. The sanctions order was a matter between the plaintiffs, the Credit Union and the state court. The state court judge, after the plaintiffs' judgment was reversed, refused to vacate the sanctions order. The sanctions order was independent of the judgment and the reversal of the judgment had no affect on the sanctions order. To allow the claim to stand would be to shift the financial responsibility from the sanctioned party to the Debtor.

For these reasons the Debtor's motion for summary judgment on his objection to the Credit Union's claim is granted and the Credit Union's claim is denied. See order entered this date.

###